**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

WARREN A. HALL,                          :
                                         :    Civil Action No. 09-5609 (JLL)
                 Plaintiff,              :
                                         :
                                         :
        v.                               :    **OPINION**
                                         :
STATE OF NEW JERSEY                      :
DEPARTMENT OF CORRECTION,                :
et al.,                                  :
                                         :
                 Defendants.             :

**APPEARANCES:**

> WARREN A. HALL, Plaintiff pro se
> #839622B/598707
> Adult Diagnostic & Treatment Center
> 8 Production Way
> Avenel, New Jersey 07001-1660

**LINARES**, District Judge

Plaintiff, Warren A. Hall, a state inmate currently confined at the Adult Diagnostic & Treatment Center in Avenel, New Jersey, seeks to bring this action in forma pauperis.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

I.  BACKGROUND

Plaintiff, Warren A. Hall ("Hall"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants: the New Jersey Department of Correction ("NJDOC"); the Adult Diagnostic & Treatment Center ("ADTC") and the Attending Dentist at the University of Medicine and Dentistry of New Jersey ("UMDNJ").  (Complaint, Caption).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

On or about June 27, 2008, a UMDNJ dentist at the ADTC performed a "very serious surgery" removing plaintiff's tooth because he chose the wrong instruments and did not listen to plaintiff's objections and the objections of the dental assistant.  The dentist broke the bone around Hall's tooth, leaving him "disfigured for life."  Hall complains that the NJDOC and ADTC have denied him the x-rays and records of that surgery and the doctors' notes from that day.  (Compl., ¶ 8).

2

Hall seeks reconstructive surgery and $1 million in punitive and compensatory damages. (Compl., ¶ 9).

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower

3

Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court

need not, however, credit a pro se plaintiff's "bald assertions"

or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis

either in law or in fact."  Neitzke v. Williams, 490 U.S. 319,

325 (1989) (interpreting the predecessor of § 1915(e)(2), the

former § 1915(d)).  The standard for evaluating whether a

complaint is "frivolous" is an objective one.  Deutsch v. United

States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a

claim only if it appears "'beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle

him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v.

Gibson, 355 U.S. 41, 45-46 (1957)).  See also Erickson, 551 U.S.

at 93-94 (In a pro se prisoner civil rights complaint, the Court

reviewed whether the complaint complied with the pleading

requirements of Rule 8(a)(2).

However, recently, the Supreme Court revised this standard

for summary dismissal of a Complaint that fails to state a claim

in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The issue before

the Supreme Court was whether Iqbal's civil rights complaint

adequately alleged defendants' personal involvement in

discriminatory decisions regarding Iqbal's treatment during

detention at the Metropolitan Detention Center which, if true,

4

violated his constitutional rights.  Id.   The Court examined Rule

8(a)(2) of the Federal Rules of Civil Procedure which provides

that a complaint must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief."

Fed.R.Civ.P. 8(a)(2).[1]   Citing its recent opinion in Bell

Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the

proposition that "[a] pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do,'"Iqbal, 129 S.Ct. at 1949 (quoting

Twombly, 550 U.S. at 555), the Supreme Court identified two

working principles underlying the failure to state a claim

standard:

> First, the tenet that a court must accept as true all of the
> allegations contained in a complaint is inapplicable to
> legal conclusions.  Threadbare recitals of the elements of a
> cause of action, supported by mere conclusory statements, do
> not suffice ... .  Rule 8 ... does not unlock the doors of
> discovery for a plaintiff armed with nothing more than
> conclusions.  Second, only a complaint that states a
> plausible claim for relief survives a motion to dismiss.
> Determining whether a complaint states a plausible claim for
> relief will ... be a context-specific task that requires the
> reviewing court to draw on its judicial experience and
> common sense.  But where the well-pleaded facts do not
> permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged-but it has not
> "show[n]"-"that the pleader is entitled to relief." Fed.
> Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

------------

[1]   Rule 8(d)(1) provides that "[e]ach allegation must be
simple, concise, and direct.  No technical form is required."
Fed.R.Civ.P. 8(d).

The Court further explained that

> a court considering a motion to dismiss can choose to begin
> by identifying pleadings that, because they are no more than
> conclusions, are not entitled to the assumption of truth.
> While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations.
> When there are well-pleaded factual allegations, a court
> should assume their veracity and then determine whether they
> plausible give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must

now allege "sufficient factual matter" to show that a claim is

facially plausible. This then "allows the court to draw the

reasonable inference that the defendant is liable for the

misconduct alleged. Id. at 1948. The Supreme Court's ruling in

Iqbal emphasizes that a plaintiff must demonstrate that the

allegations of his complaint is plausible. Id. at 1949-50; see

also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside,

___ F.3d ___, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

Consequently, the Third Circuit observed that Iqbal provides

the "final nail-in-the-coffin" for the "no set of facts" standard

set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that

applied to federal complaints before Twombly. Fowler, 2009 WL

_____

[2] In Conley, as stated above, a district court was
permitted to summarily dismiss a complaint for failure to state a
claim only if "it appear[ed] beyond doubt that the plaintiff can
prove no set of facts in support of his claim which would entitle
him to relief. Id., 355 U.S. at 45-46. Under this "no set of
facts" standard, a complaint could effectively survive a motion
to dismiss so long as it contained a bare recitation of the
claim's legal elements.

2501662, *5.  The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50].  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.]  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.  See Phillips, 515 F.3d at 234-35.  As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" Iqbal, [129 S.Ct. at 1949-50].  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 2009 WL 2501662, *5.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

III.   SECTION 1983 ACTIONS

Hall brings this action pursuant to 42 U.S.C. § 1983.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law.  West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.

1994).

Here, Hall names the New Jersey Department of Corrections

("NJDOC") as a defendant.  However, the NJDOC must be dismissed

from this action pursuant to the Eleventh Amendment.  The

Eleventh Amendment to the United States Constitution provides

that, "The Judicial power of the United States shall not be

construed to extend to any suit in law or equity, commenced or

prosecuted against one of the United States by citizens of

another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to

impose a liability which must be paid from public funds in a
state treasury is barred from federal court by the Eleventh
Amendment, unless Eleventh Amendment immunity is waived by the
state itself or by federal statute. <u>See</u>, <u>e.g.</u>, <u>Edelman v.
Jordan</u>, 415 U.S. 651, 663 (1974). The Eleventh Amendment
protects states and their agencies and departments from suit in
federal court regardless of the type of relief sought. <u>Pennhurst
State School and Hospital v. Halderman</u>, 465 U.S. 89, 100 (1984).
Similarly, absent consent by a state, the Eleventh Amendment bars
federal court suits for money damages against state officers in
their official capacities. <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159,
169 (1985). Section 1983 does not override a state's Eleventh
Amendment immunity. <u>Quern v. Jordan</u>, 440 U.S. 332 (1979).
Therefore, because the NJDOC is clearly an agency of the State of
New Jersey, it is immune from suit for money damages in federal
court pursuant to the Eleventh Amendment, and the Complaint will
be dismissed with prejudice, in its entirety, as to this
defendant, NJDOC, accordingly.

Hall also names the ADTC as a defendant in this matter.
However, because the ADTC is not a "person" subject to liability
under § 1983, the Complaint will likewise be dismissed as against
this defendant, in its entirety, for failure to state a claim.
<u>See</u> <u>Grabow v. Southern State Correctional Facility</u>, 726 F. Supp.
537, 538-39 (D.N.J. 1989)(correctional facility is not a person

under § 1983); Mitchell v. Chester County Farms Prison, 426 F.
Supp. 271, 274 (D.C. Pa. 1976).

IV.  ANALYSIS

Hall's Complaint appears to allege a claim of medical
negligence or denial of medical care in violation of his Eighth
Amendment rights.  The only remaining defendant is the UMDNJ
dentist, who removed plaintiff's tooth.

The Eighth Amendment proscription against cruel and unusual
punishment requires that prison officials provide inmates with
adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 103-04
(1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999).  In order
to set forth a cognizable claim for a violation of his right to
adequate medical care, an inmate must allege:  (1) a serious
medical need; and (2) behavior on the part of prison officials
that constitutes deliberate indifference to that need.  Estelle,
429 U.S. at 106; Natale v. Camden County Correctional Facility,
318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong of the Estelle inquiry, the
inmate must demonstrate that his medical needs are serious.
"Because society does not expect that prisoners will have
unqualified access to health care, deliberate indifference to
medical needs amounts to an Eighth Amendment violation only if
those needs are 'serious.'"  Hudson v. McMillian, 503 U.S. 1, 9
(1992).  The Third Circuit has defined a serious medical need as:
(1) "one that has been diagnosed by a physician as requiring

10

treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003)(internal quotations and citations omitted); see also Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. See Natale, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the

propriety or adequacy of a particular course of treatment ...
[which] remains a question of sound professional judgment."
Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d
Cir. 1979) (internal quotation and citation omitted).  Even if a
doctor's judgment concerning the proper course of a prisoner's
treatment ultimately is shown to be mistaken, at most what would
be proved is medical malpractice and not an Eighth Amendment
violation.  Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

     The Third Circuit has found deliberate indifference where a
prison official: (1) knows of a prisoner's need for medical
treatment but intentionally refuses to provide it; (2) delays
necessary medical treatment for non-medical reasons; or (3)
prevents a prisoner from receiving needed or recommended
treatment.  See Rouse, 182 F.3d at 197.  The court also has held
that needless suffering resulting from the denial of simple
medical care, which does not serve any penological purpose,
violates the Eighth Amendment.  Atkinson, 316 F.3d at 266.  See
also Monmouth County Correctional Institutional Inmates, 834 F.2d
at 346 ("deliberate indifference is demonstrated '[w]hen ...
prison authorities prevent an inmate from receiving recommended
treatment for serious medical needs or deny access to a physician
capable of evaluating the need for such treatment"); Durmer v.
O'Carroll, 991 F.2d 64 (3d Cir. 1993); White v. Napoleon, 897
F.2d 103 (3d Cir. 1990).

Here, Hall's allegations do not rise to the level of a
constitutional violation.  He does not allege that he was
actually denied medical treatment, only that it was not the
"proper" treatment, *i.e.,* improper or negligent dental surgery.
The allegations in the Complaint also do not suggest that Hall's
condition posed or poses a serious medical risk.  Consequently,
based on these allegations alone, even if true, this Court finds
that there was no denial of medical/dental treatment that would
constitute an Eighth Amendment violation.

Rather, it would appear that Hall was provided dental care
that did not meet his satisfaction, and in fact, was later shown
to have been negligent.  Consequently, Hall has alleged only a
claim of medical malpractice or medical negligence that is not
cognizable under § 1983.  <u>Estelle</u>, 429 U.S. at 105-06
(allegations of negligent treatment are medical malpractice or
medical negligence claims, and do not trigger constitutional
protections); <u>White</u>, 897 F.3d at 110.  Therefore, the Complaint
will be dismissed with prejudice in its entirety, for failure to
state a claim.

V.   CONCLUSION

For the reasons set forth above, plaintiff's Complaint will be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).   An appropriate order follows.

JOSE L. LINARES
United States District Judge

Dated: 3/2/10

14